IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**GLENN COLEMAN,**

    Plaintiff,

vs.                                       Case No. 5:05cv27-RH/WCS

**BHUPENDRA B. VAGHMAR,**
**an individual,**
**d/b/a BEST WESTERN TIVOLI INN,**

    Defendant.

_____/

## O R D E R

On July 1, 2005, Plaintiff filed a motion to strike scandalous matter.  Doc. 27.  The document Plaintiff requests be stricken was a letter from the Defendant, who is proceeding *pro se* in this case.  The letter, an untitled document, was dated May 15, 2005, and sought to bring "facts to the court's attention."  Doc. 17.  A deficiency order was previously issued concerning the document.  Doc. 18.  Defendant then filed a one-page document advising that the letter was sent to Plaintiff's counsel and should be considered to have a "certificate of service."  Doc. 20.  Thereafter, another court order was entered on June 2, 2005, advising that no action would be taken concerning the letter, doc. 17, or the subsequently filed document concerning the letter, doc. 20.  Doc. 21.  Nevertheless, Plaintiff has now filed the instant motion to strike.  Doc. 27.  Defendant has filed a response.  Doc. 28.

The federal rules provide that "upon motion made by a party within 20 days after the service of the pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  Plaintiff's motion was not timely filed as the letter from Defendant was submitted to the Court on May 20th, and Plaintiff's motion was not filed until July 1, 2005.  Furthermore, there is no apparent prejudice to any party by this document.

> [B]ecause motions to strike . . . are not favored, often being considered "time wasters," they usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Thus, a motion to strike frequently has been denied when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f).

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (1990).  Although irrelevant, there is no need to strike a document which was previously addressed in a court order where the parties were advised that no action would be taken concerning the document.  Defendant's motion to strike is denied.

Defendant filed a motion for summary judgment, doc. 9, and an amended motion for summary judgment, doc. 10.  Prior to any review of the motions, Plaintiff filed a motion for an enlargement of time to respond.  Doc. 11.  A similar, previously filed motion, doc. 7, was previously granted at the same time, doc. 12.  Plaintiff was then given until June 16, 2005, to file a response to the Defendant's motion for summary judgment.  On that deadline, Plaintiff filed a response in opposition to Defendant's summary judgment motion.  Doc. 23.

Plaintiff's response asserts that there are "several genuine issues of material fact and therefore summary judgment is inappropriate."  Doc. 23.  The response also

correctly points out that the summary judgment motion is not in compliance with N.D. Fla. Loc. R. 56.1. Further, the motion complains that Defendant did not provide the Court with any supporting documents or evidence. Doc. 23.

In opposing the motion for summary judgment Plaintiff is the nonmoving party, and as Plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate ("*with or without supporting affidavits*") that the Rule 56(c) standard is satisfied. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986) (quoting, with added emphasis, subsections (a) and (b) of Rule 56). Thus, it is immaterial that no supporting documents or evidence were presented with the motion. However, Plaintiff should be aware that Rule 56(e) permits opposition to summary judgment by any of the evidentiary materials listed in Rule 56(c) *except* the mere pleadings themselves. 106 S. Ct. 2553.

Furthermore, Rule 56.1 of the local rules of this Court provides:

> Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 . . . shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

N.D. Fla. Loc. R. 56.1(A). Defendant did not file the separate statement. Rather than deny the motion flatly on this technical ground, Defendant shall be directed to file the

Case No. 5:05cv27-RH/WCS

statement so that the motion may be considered on the merits.  Defendant shall file the separate statement of material facts as to which Defendant contends there is no genuine issue to be tried no later than **August 19, 2005**.  Plaintiff shall then have until **September 12, 2005**, to file a similar statement as required by the local rules.  N.D. Fla. Loc. R. 56.1(A).[1]

The Court will take the motion for summary judgment under advisement on September 12, 2005, and will enter a report and recommendation on or after that date.[2]  The parties shall file all argument and evidence in opposition to, or in support of, summary judgment, or seek additional time to do so, <u>before</u> that date.

Finally, the parties are reminded that a scheduling order entered by District Judge Hinkle set a discovery deadline of October 31, 2005, as requested by the parties.  Doc. 19.  Potentially dispositive motions were expressly permitted to be filed sooner than the discovery deadline.

Accordingly, it is **ORDERED**:

1.  Ruling is **DEFERRED** on Defendant's motion for summary judgment, docs. 9 and 10.  The motion for summary judgment will be taken under advisement on or after **September 12, 2005**.  A report and recommendation will be entered on or after that date, and any additional material in support of or opposition to summary judgment must be filed before that date.

---

[1] It is noted that Plaintiff already filed a "statement of material facts as to which there exists a genuine issue to be tried."  Doc. 24.  However, Plaintiff may choose to file an amended statement following review of Defendant's statement.

[2] Any delay in entry of a report and recommendation after that date will be due to the volume of other pending cases ready for adjudication earlier than this case.

2.  Defendant's motion to strike, doc. 27, is **DENIED.**

3.  The Clerk of Court shall return this file to the undersigned upon the parties' filing additional documents relevant to the pending summary judgment motion, or no later than September 12, 2005.

**DONE AND ORDERED** on July 20, 2005.

        s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**