IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GLENN COLEMAN,**

    Plaintiff,

vs.                                  Case No. 5:05cv27-RH/WCS

**BHUPENDRA B. VAGHMAR,**
an individual,
d/b/a BEST WESTERN TIVOLI INN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant, proceeding *pro se*, filed a motion for summary judgment, doc. 9, and an amended motion for summary judgment, doc. 10.[1] Defendant belatedly filed a separate statement of material facts, doc. 32, asserting that there is no genuine issue of fact and that Defendant is entitled to judgment as a matter of law. Defendant also submitted several exhibits as evidence in support of the motion. Doc. 32. Plaintiff filed a response in opposition to the motion, doc. 23, and a statement of facts as to which Plaintiff contends where is a genuine issue to be tried. Doc. 24. Defendant then filed a reply memorandum to Plaintiff's response. Doc. 26. Although the local rules of this Court provide that reply memoranda will not be "filed absent a showing of good cause

---

[1] The amended motion, doc. 10, simply provided Plaintiff's signature and incorporated the original summary judgment motion, doc. 9. *See also* doc. 8.

and upon leave of the court," Defendant's reply has been considered. N.D. Fla. Loc. R. 7.1(C)(2).

**Standard of review**

On a motion for summary judgment, Defendant initially has the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If accomplished, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id*. An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004)(citations omitted). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All reasonable inferences must be resolved in the light most favorable to the nonmoving party. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

**Plaintiff's complaint**

Plaintiff Glenn Coleman brings this lawsuit under the Americans with Disabilities Act of 1990 (hereinafter the "ADA") alleging that he suffers from an unspecified condition which constitutes a "qualified disability" under the Act.[2]  Doc. 1, p. 2.  Plaintiff claims that he visited Defendant's business, the Best Western Tivoli Inn, at an unspecified date and was "denied full, safe and equal access to" the property because the Inn does not comply with the ADA.  *Id.*  Plaintiff desires to visit the Inn in the future, but contends the barriers to his full and safe access continue to exist.  *Id.*  Plaintiff asserts that Defendant's business violates the ADA in nineteen separate instances.  *Id.*, at 4-5.  Plaintiff seeks injunctive and declaratory relief.  *Id.*, at 6.

**Defendant's arguments in favor of summary judgment**

Defendant, the owner of a hotel in Bonifay, Florida, contends that the property in question was built in 1976-1978 and, thus, is an "existing property" as defined by the ADA.  Doc. 32, ex. 1.  Accordingly, the standards for an existing property are not as demanding and the property has sufficiently complied with the Americans with Disabilities Act of 1990 (hereinafter "ADA").  *Id.*  Defendant further contends that

---

[2] In Plaintiff's response to the summary judgment motion, he explains that he "suffers from polio and is mobility impaired, requiring the use of a motorized scooter . . . ."  Doc. 23, p. 6; *see also* exhibit D.

because it is not an economically profitable enterprise, there are exceptions in the ADA that permit existing facilities to remove only those barriers which are economically feasible. *Id.* Where it is economically infeasible, a public accommodation may take other "safe, readily achievable measures" to provide significant access to customers. *Id.* Defendant contends that it has made modifications and alternative policies and procedures to afford access to Plaintiff and other handicapped customers, and asserts that it cannot complete Plaintiff's ADA expert's list of alterations as they are not "readily achievable." *Id.* Defendant asserts that the property is not in violation of the ADA and, additionally, that the case should be dismissed because Plaintiff did not follow "property procedures" by notifying hotel management of any problem during either of Plaintiff's two visits to the subject property. *Id.* Additionally, Defendant challenges Plaintiff's standing and motives in bringing this case. Doc. 9, pp. 6-8.

**Plaintiff's response**

Plaintiff responded to Defendant's summary judgment motion and contends that there are numerous disputes of material fact which preclude summary judgment. Doc. 23. Plaintiff had an ADA expert examine the property on April 27, 2005, several weeks after Defendant filed the summary judgment motion, and the expert's report shows the property still has barriers which block Plaintiff's "full, safe and equal access" to the property in violation of the ADA. Doc. 23, p. 2. Thus, Plaintiff contends that the property still violates the ADA and that there are genuine disputes of material fact which preclude summary judgment. *Id.*

**Analysis**

Congress passed the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1), *quoted in* Miller v. King, 384 F.3d 1248, 1267 (11th Cir. 2004). The ADA prohibits discrimination in three broad categories: (1) employment - Title I; (2) public services, programs, and activities - Title II; and (3) public accommodations - Title III. Miller, 384 F.3d at 1267-68, *citing* Tennessee v. Lane, 541 U.S. 509, 124 S.Ct. 1978, 1984, 158 L.Ed.2d 820 (2004). In particular, Title III provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Although not clearly and specifically identified by Plaintiff, this suit is obviously based on alleged violations of § 12182(b)(2) which provides that discrimination under § 12182(a) includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable. . . ." 42 U.S.C. § 12182(b)(2)(A)(iv). Defendant's place of business, the Best Western Tivoli Inn, is a "public accommodation" as defined by Title III of the ADA and which includes "an inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181(7)(A). It is unchallenged that Plaintiff is a "qualified individual" with a disability.

Defendant's summary judgment motion challenges Plaintiff's standing to bring this suit. Doc. 23, p. 5-7. Because a plaintiff's remedy in the ADA is limited to injunctive relief, the plaintiff must demonstrate the likelihood of suffering future discrimination by the named defendant. Shotz v. Cates, 256 F.3d 1077, 1081-82 (11th Cir. 2001).

Plaintiff's complaint adequately alleges an intent to return to the Inn. Doc. 1, p. 2 (stating Plaintiff "continues to desire to visit the INN, and intends to do so, but continues to be denied full and safe access due to the barriers to access which continue to exist."). Plaintiff has, accordingly, demonstrated standing under Article III and the summary judgment motion should be denied on that basis.[3]

To the degree Defendant's summary judgment argues that it did not have advance notice of the lawsuit, and that legislation is currently being considered by Congress to required "90 days advance notice before any ADA lawsuit" is filed, the argument is unavailing. Doc. 9, p. 8. There is no pre-suit requirement in the ADA that a potential plaintiff "communicate with the property owner to encourage voluntary compliance . . . ." Rodriguez v. Investco, L.L.C., 305 F.Supp.2d 1278, 1281 (M.D. Fla. 2004) (noting that Congress did not "create any sort of administrative process to ensure compliance with the ADA's public accommodation provisions."). At this time, there is no pre-suit notification requirement in Title III of the ADA, and potential legislation is ineffective to warrant dismissal of this lawsuit.

As for the merits of this action, Plaintiff alleged numerous barriers to his full and safe access to Defendant's business property. Doc. 1. The summary judgment motion, doc. 9, on its face demonstrates that disputed nature of the claims. It is unnecessary to list each of the nineteen (19) alleged barriers individually as Defendant has argued for each one either that the allegation from the complaint "is not true" or that it is accessible, or that a barrier is immaterial because hotel staff are "well trained an

---

[3] The ADA allows for a private cause of action, but such an action is limited to injunctive relief. 42 U.S.C. § 12188(a).

experienced in providing" a service which overcomes the physical barrier. For example, Defendant argues that it provides "alternative methods" to overcome barriers such as the lobby service counter being too high, that the door hardware is inaccessible, or that the clothing rack is too high. By and large, Defendant simply claims that the allegations of inaccessibility are simply "not true." Docs. 9, 10.

Plaintiff has come forward with evidence from an ADA expert, doc. 23, exhibits B and C, who states that the barriers to access do exist, and were obvious on the expert's visit to the property two weeks after Defendant filed the summary judgment motion claiming there are no barriers. Doc. 23, p. 4. Plaintiff has, thus, presented evidence that there are barriers to access in violation of the ADA and that future "remediations are necessary to remove barriers to access." *Id.,* at 4-5.

As for Defendant's claims of having alternate measures in place to accommodate a handicapped patron, it is noted that some alternatives are permitted. 28 C.F.R. § 36.305. However, Plaintiff contends that Defendants alternatives are not sufficient and that the ones proposed further demonstrate that Defendant continues to be out of compliance with the ADA and that the discrimination continues. *Id.*, at 7-8. For example, Plaintiff argues that Defendant's assertion that a viable alternative to the allegedly noncompliant toilet room is to call for front desk assistance in preparing for a shower or maneuvering onto the toilet is "incredible." *Id.*, at 8. Plaintiff's argument is persuasive as calling for assistance from an unknown hotel employee to perform very personal activities is presumptively not an acceptable alternative. Whether greater explanation on several of these alleged deficiencies and alternative methods might

eventually prove meritorious, on the disputed record at present, these alternatives are not enough to show that Defendant is in compliance with the ADA's requirements.

**Conclusion**

There are genuine disputes of material fact in this case between the parties. In this situation, summary judgment is precluded. Thus, Defendant's motion for summary judgment must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the *pro se* Defendant's motion for summary judgment, docs. 9 and 10, be **DENIED** and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**