## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION


**GLENN COLEMAN,**

      **Plaintiff,**

**vs.**                                      **Case No. 5:05cv27-RH/WCS**

**BHUPENDRA B. VAGHMAR,**
**an individual,**
**d/b/a BEST WESTERN TIVOLI INN,**

      **Defendant.**

_____/


## O R D E R

On November 2, 2005, the *pro se* Defendant filed a "request for further guidance for compliance of your order to respond to Plaintiff's interrogatories in light of Plaintiff's attorney's letter as attached." Doc. 49. By court order issued on October 11, 2005, Plaintiff's motion to compel, doc. 37, was granted and Defendant was directed to serve answers to the interrogatories and comply with the rule 34 request on or before October 31, 2005. Doc. 42. Defendant's request for guidance comes after the deadline for conducting discovery and any responses will now be *after* the discovery deadline entered by District Judge Hinkle. Doc. 19.

First, Defendant is advised that the reason that his copies reference in the request, doc. 49, were returned to him is that he was expressly told the he "should *not* file the response with the Court." Doc. 42, p. 4, ¶ 2 (emphasis in original), *citing* N.D.

Fla. Loc. R. 26.2(A). Answers to Interrogatories and requests for production "shall not be filed with the court." N.D. Fla. Loc. R. 26.2(A).

Second, Defendant states that "Plaintiff's attorney is asking for further compliance under the order which I fail to comprehend . . . " Doc. 49. Attached to Defendant's request is a copy of the letter Plaintiff's counsel sent to Defendant after receipt of the discovery Defendant provided. Doc. 49, ex. A. That letter indicates that "a majority of the requests" for production "remain unanswered." *Id.* Apparently, Defendant only responded to number 19 of the request, ignoring the other 29 requests. Defendant was directed in the last court order, doc. 42, that if he no longer has "the documents sought, Defendant must state under oath in detail where the documents were kept and what happened to them." That direction is clear and straight forward and no further explanation is necessary.

As for the Interrogatories, the letter from Plaintiff's counsel states that Defendant did not respond appropriately to items 7-11 because an answer is required. For Defendant to simply state, "None Available" is not an answer and is insufficient. Further, as Plaintiff's counsel reminded Defendant, "objections are waived" and Defendant may not object to any of the items of discovery. It is well past time to object, and now past the time for responding to the discovery requests.

The prior order was clear and direct. If Defendant did not understand what was being required, he should have communicated with Plaintiff's counsel as suggested in the letter from opposing counsel in response to the discovery provided by Defendant: "If you have any questions regarding this correspondence, please contact my office." Doc. 49, ex. A. Defendant was previously reminded that the parties are "expected to work in

good faith to resolve discovery disputes with the need for resolution by the Court."  Doc. 42.  Defendant's request to the Court is not in good faith and his evasive and incomplete discovery efforts were not in compliance with the prior order.

Defendant shall provide responses to the requests for production as previously directed **no later than Monday, November 14, 2005**.  Doc. 42.  All requests *must be* responded to by providing the documents requested, or with an affidavit stating under oath and under penalty of perjury *why* Defendant cannot provide the document(s), what happened to them, and where they had been kept.  Furthermore, **no later than Monday, November 14, 2005**, Defendant shall provide *answers* to each Interrogatory, including items 7-11.

Plaintiff shall file a notice to the Court by **Tuesday, November 15th**, advising whether or not Defendant has complied with this Order.  Plaintiff shall simultaneously file a statement of fees and expenses reasonably incurred in responding to this Order, and in responding to Defendant's deficient discovery effort.  If Defendant has not complied, Defendant shall file an appropriate motion under Rule 37 as may be necessary.

As a final caution to Defendant, he is advised that when a party "fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . the court . . . may make such orders in regard to the failure as are just" as a sanction.  FED. R. CIV. P. 37(b)(2).  Sanctions may include "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence," or entering an order which establishes designated facts.  FED. R. CIV. P. 37(b)(2).  In addition, Defendant may be

held in contempt for failure to obey a court order.  Defendant should consider the possibility of these sanctions should he again refuse to provide the discovery as previously ordered.

Accordingly, it is **ORDERED**:

1.  The deadline for conducting discovery is extended to **November 14, 2005**. The prior order from District Judge Hinkle establishing discovery, doc. 19, is modified accordingly.

2.  Defendant shall have until **November 14, 2005**, in which to serve answers to *all* Interrogatories and comply with Rule 34 as to all documents requested.

3.  Plaintiff shall have until **November 15, 2005**, to advise the Court whether Defendant has complied and, if not, to respond as directed herein.

4.  The Clerk of Court shall return this file to the undersigned no later than **November 15, 2005**.

**DONE AND ORDERED** on November 4, 2005.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**