IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**GLENN COLEMAN,**

    **Plaintiff,**

**vs.**                                         **Case No. 5:05cv27-RH/WCS**

**BHUPENDRA B. VAGHMAR,**
**an individual,**
**d/b/a BEST WESTERN TIVOLI INN,**

    **Defendant.**

_____/

## O R D E R

In a recent court order issued on November 17, 2005, Defendant was directed to show good cause why he should not be held in contempt of court and why he should not pay Plaintiff's expenses as a sanction.  Doc. 58.  That order also gave the parties an extended deadline in which to file potentially dispositive motions in light of the extended discovery period.  *Id.*  On the same day that order was issued, Plaintiff filed a summary judgment motion, doc. 56, with several exhibits, and a separate statement of facts as to which it is contended there is no genuine dispute of material fact, doc. 57.  This order is entered to advise the parties that the January 6, 2006, deadline for filing dispositive motions will remain, doc. 58, and Plaintiff may stand on the motion as filed or may

submit an amended motion. Defendant may file his own motion, if desired, by the January 6th deadline.

In light of the motion already filed, docs. 56-57, the *pro se* Defendant is reminded of the requirements of Local Rule 56.1(A), which provides:

> Any motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 [or Fed. R. Civ. P. 12(b)(6) which requires reference to matters outside the pleading] shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.
>
> The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source.
>
> The party opposing the motion shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party.

In responding to Plaintiff's motion, Defendant must file a separate statements of fact as to which it is contended there *is* a genuine issue to be tried. Failure to do so will mean that Plaintiff's version of the facts must be accepted. Defendant has the burden of coming forward with evidentiary material demonstrating a genuine issue of fact for trial. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." Hickson Corp. v. Northern Crossarm Co., Inc.,357 F.3d 1256, 1259 (11th Cir. 2004). Furthermore, a factual issue "is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Western

Group Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1361 (11th Cir. 1999), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, Defendant should be aware that "the mere existence of some alleged factual dispute between the parties will not defeat" a summary judgment motion; there must be a "genuine issue of material fact." Anderson, 477 U.S. at 247-248, 106 S.Ct. at 2510.

Evidentiary material which would be acceptable in opposition to the motion for summary judgment includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

The Court will take Plaintiff's motion for summary judgment under advisement on **January 26, 2006**, and will enter a report and recommendation on or after that date.[1] Defendant must file all argument and evidence in opposition to summary judgment, or seek additional time to do so, before that date. Should Defendant file his own motion for summary judgment by the January 6, 2006, deadline,[2] Plaintiff will also have until **January 26, 2006**, in which to file opposition in accordance with FED. R. CIV. P. 56 and N.D. Fla. Loc. R. 56.1.

---

[1] Any delay in entry of a report and recommendation after that date will be due to the volume of other pending cases ready for adjudication earlier than this case.

[2] Defendant is advised that simply filing his own motion for summary judgment is not enough. Defendant *must* file opposition to Plaintiff's motion, although he is also permitted to file his own summary judgment motion.

The parties are reminded that mediation has been extended to December 14, 2005.  Doc. 52.  This deadline will not be extended absent good cause shown.  Accordingly, it is

**ORDERED**:

1.  Plaintiff's motion for summary judgment, doc. 57, will be taken under advisement on **January 26, 2006**.  A report and recommendation will be entered on or after that date, and any additional material in support of, or in opposition to, summary judgment must be filed before that date as explained herein.

2.  The deadline for filing potentially dispositive motions remains as Friday, **January 6, 2006.**  *See* doc. 58.

3.  Defendant is reminded of the **November 30, 2005**, deadline to respond to the Order to Show Cause, doc. 58.

4.  The mediation deadline remains set for **December 14, 2005**.  Doc. 52.

5.  The Clerk of Court shall return this file to the undersigned upon Defendant's filing of a response to the Order to Show Cause, or no later than **November 30, 2005**.

**DONE AND ORDERED** on November 21, 2005.

> s/     William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**