## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION


**GLENN COLEMAN,**

      **Plaintiff,**

**vs.**                                                    **Case No. 5:05cv27-RH/WCS**

**BHUPENDRA B. VAGHMAR,**
**an individual,**
**d/b/a BEST WESTERN TIVOLI INN,**

      **Defendant.**

_____/


## <u>O R D E R</u>

Before the Court is the *pro se* Defendant's response, doc. 61, to the order to
show cause, doc. 58, entered on November 17, 2005.  The order to show cause was
entered because Defendant's discovery efforts were evasive, incomplete, and
Defendant was not acting in good faith.  Doc. 58.  Plaintiff had been directed to file a
notice reflecting Defendant's compliance with the prior discovery order, doc. 50, and
that notice, doc. 54, advised that two requests for production continued to be
problematic.  Specifically, requests 9 and 10 where it appeared that Defendant was
giving inconsistent answers and that all relevant financial documents had not been
disclosed.  *Id.*

Defendant contends that Plaintiff advised him that the responses he had provided to Plaintiff was "O.K. except the verification of Inn's income."  Doc. 61, p. 1, ¶ 1.  Defendant asserts that opposing counsel never told Defendant "that the information about the Paragraph 9 and 10 [was] not satisfactory."  *Id.*  However, the requests to produce in paragraphs 9 and 10 concern the financial status of the business property, *i.e.*, income and expenses; thus, Defendant's argument lacks merit.  Defendant has been aware that verification of income was problematic.

Furthermore, Defendant contends now that Defendant "did not refuse" to give Plaintiff's counsel consent to obtain his IRS Tax returns as asserted by Plaintiff.  Doc. 61.  However, Defendant's own statement in a prior filing with this Court demonstrates his refusal.  In Defendant's response to Plaintiff's motion for sanctions, Defendant acknowledged that he refused to give consent for the release of his income tax records. Doc. 60, p. 2.  There, Defendant asserted that business income could be verified through sales tax records from the Florida Department of Revenue and that the information sought by Plaintiff would not be gleaned from income tax returns.  *Id.*

> Therefore, the Defendant was under the impression that Sales Tax record release is acceptable and it should be since it is a State Government official record.  However, the Defendant's *refusal to provide release consent for the income tax records* was based on the fact that it will not have provided information about the Inn's income as required by the Plaintiff's counsel.

Doc. 60, p. 2 (emphasis added).  Based on Defendant's previous assertion of his refusal, this point is accepted and his last minute retraction is rejected.  *Cf.* docs. 60, p. 2; doc. 54, p. 4.  Nevertheless, Defendant indicates he is awaiting receipt of the IRS release form from Plaintiff and will "promptly sign and return it to the Plaintiff's attorney."

Doc. 61, p. 2.  Defendant states he agreed to do so even before receiving the order to show cause which required that compliance.  Defendant's willingness should then make that discovery process easier and faster to obtain, but it is still apparent that Defendant's willingness to now provide the release came after Plaintiff filed the notice and motion for sanctions, doc. 54.

Defendant was directed to show good cause why he should not be held in contempt of court for violating the prior order to explain fully about his records.  Doc. 58.  In responding to that issue, Defendant states that he "is not in contempt of the court order because he has explained fully about his records and offered to resolve any additional issues that may be raised in a timely manner."  Doc.61, p. 2.  Within his response, Defendant has *now* finally provided an explanation about the manner in which he tracks expenses and income.  *Id.*, at 1; *see also* exhibit A.  However, this information has been provided only after *three* court orders.  *See* docs. 42, 50, and 58.  This information should not have been so difficult to obtain.  Defendant's evasiveness has demanded the Court's time, and created unnecessary expense to Plaintiff.  It has already been explained that Defendant's "request for further guidance," filed on November 2, 2005, was not a "good faith" effort to cooperate in discovery and his behavior required extending the discovery deadline.  Doc. 50.

Pursuant to the Court's November 4th order, doc. 50, Plaintiff was directed to file a "statement of fees and expenses reasonably incurred in responding to" the court order and, depending on Defendant's discovery efforts, responding to any deficiencies.  The order clearly advised that if Defendant did not comply, Plaintiff was permitted to file

a Rule 37 motion as necessary and Defendant was advised as to the sanctions which were possible.  *Id.*

Plaintiff's notice and motion for sanctions requests $1,231.07 as expenses.  Doc. 54.  However, the order did not intend to allow fees going all the way back to the motion to compel as an earlier order declined to award fees for that motion.  *See* doc. 42, p. 4.[1] The order stated that Plaintiff should "file a statement of fees and expenses reasonably incurred in responding to this Order, and in responding to Defendant's deficient discovery effort."  Doc. 50, p. 3.  The order was issued on November 4, 2005, and was concerned with events following issuance of the order granting the motion to compel on October 11, 2005.  Doc. 42.  Of the time sheet and expenses provided, only the following entries are relevant for the purpose before the Court: (1) October 21st - review response to motion to compel by Defendant; (2) October 27th - draft letter to Defendant; (3) November 3rd - review Defendant's request for guidance; (4) November 4th - review order directing Defendant to complete discovery by November 14th.  Doc. 54, ex. C.  Only that time should be compensated as the other items are not pertinent to the issue which necessitated the November 4th order.[2]  That amounts to .60 in time and $159.00.  Furthermore, the 37¢ expense for postage is appropriately included in this amount for a

---

[1] Notably, the prior order, doc. 42, put Defendant on notice that "should a motion to compel be necessary in the future, expenses will be awarded."  *Id.*  The last order was not entered because a motion to compel was filed, but the order issued was in the essence of issuing an order to compel as it directed Defendant to provide the discovery as previously and clearly ordered.

[2] Review of discovery would have taken place regardless of the prior order, and telephone calls to Defendant are likely also related to Plaintiff's motion to extend the mediation deadline.  Further, time related to Plaintiff's motion to withdraw an exhibit that should not have been filed need not be counted.

total of $159.37.[3]  Defendant shall submit payment of **$159.37** to Plaintiff's counsel by

**December 21, 2005**, and the motion for sanctions is granted in part.

Accordingly, it is

**ORDERED**:

1.  The deadline for filing potentially dispositive motions is extended to Friday,

**January 6, 2006.**  The prior scheduling order issued by District Judge Hinkle, doc. 19, is

modified accordingly.

2.  Plaintiff's motion for summary judgment, doc. 56, will be taken under

advisement as previously explained, doc. 59, on **January 26, 2006**.

3.  Plaintiff's motion for sanctions, doc. 55, is **GRANTED in part**.

4.  Defendant shall have until **December 21, 2005**, in which to submit payment of

**$159.37** to Plaintiff's counsel.

5.  The parties are reminded of the **December 14, 2005**, mediation deadline.

Doc. 52.

6.  The Clerk of Court shall return this file to the undersigned upon the filing of

potentially dispositive motions, or no later than **January 6, 2006**.

**DONE AND ORDERED** on December 2, 2005.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] There is an additional entry for drafting the report to the court per the prior
order, but it is combined with review of the discovery responses.  Those items are not
separated and should not be counted in total.  Nevertheless, the amount determined
above of $159.37 sufficiently sanctions the behavior that has delayed discovery.